FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 29 2008

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

BARBARA FRAZIER                                                       PLAINTIFF

VS.                      CASE NO. 5:07CV0184 WRW

ARKANSAS DEPARTMENT OF CORRECTION, et al.            DEFENDANTS

### PROTECTIVE ORDER

1.     It appears to this Court that while conducting discovery in this case, Plaintiff seeks disclosure by the Defendants of the following information:

        a.     Federal, state, or local government civil action, prosecution, or administrative investigations of claims against Defendants involving sexual harassment and retaliation. This request also includes the subject matter of each investigation, the nature of Defendants' involvement in the investigation, and the names and addresses of individuals: (1) involved in or responding to the allegations; (2) the alleged perpetrator; (3) witness for the alleged perpetrator; and (4) supervisor of the alleged perpetrator. Finally, the request also includes the dates of such persons' involvement and the substance of such persons' involvement.

        b.     The name and address of each person who, over the last ten (10) years, sued or filed an EEOC charge against Defendants throughout the State of Arkansas for sexual harassment or retaliation. For alleged sexual harassment, Plaintiff also requests the names of any attorney who represented Defendants and any other person in the suit or EEOC charge; as well as the final disposition of each charge.

        c.     The complete personnel file of each Defendant.

        d.     The name and address of each person within ADC who, over the last ten (10) years, complained of sexual harassment and/or retaliation by Defendant Troy Moore,

Christopher West, or Warden Rick Toney; the name and address of each person who investigated the allegation; whether a "lie-detector" test was used in the investigation, and if so, the name of each person who was tested; and the result of the "lie detector" test and formal disposition of the charge, to include any discipline imposed. Plaintiff also requests the names of any attorney who represented Defendants or the alleged perpetrator, as well as the name of the attorney for the "other person in the dispute."

      e.    For each of the last five years, the number of persons who filed a charge for sexual harassment or retaliation for sexual harassment; the decision in each case, the exact discipline in each case, whether the complaining party was subsequently disciplined, reassigned, discharged or terminated, to include the name and rank of every person identified as a charging party and his/her alleged perpetrator.

      f.    The complete personnel files of the following individuals:

        (1)    Troy A. Moore

        (2)    Christopher West

        (3)    Donald Brown, Sr.

        (4)    Patricia Billings

        (5)    Sandra Smothers

        (6)    Barbara Frazier

2.    Defendants believe that some of the requested information is relevant and falls within the scope of discovery. Defendants anticipate that they will object to disclosure of the remainder of the information because Plaintiff's requests are vague, overly broad, compound in nature, unduly burdensome, and because Plaintiff seeks disclosure of private information not reasonably calculated to lead to the discovery of relevant or admissible information.

3. Without waiving said objections, Defendants have identified certain information (from January 1, 2003 to the present) that might be responsive to Plaintiff's requests. Without waiving the objections listed above and pursuant to the entry of a protective order by this Court:

a. Defendants will make available for review relevant EEO files, from January 1, 2003 to the present, pertaining to the ADC's Diagnostic Unit, Defendant Troy Moore, and Mr. Christopher West. Defendants will make this information available to Plaintiff's attorney for review at the ADC EEO office upon adequate and reasonable notice.

b. Defendants will provide copies of the personnel files of Defendant Troy Moore, Mr. Christopher West, Mr. Donald Brown, Sr., Ms. Patricia Billings, and Ms. Sandra Smothers.

c. Defendants will provide a list containing the names of each individual, from January 1, 2003 to the present, who complained of sexual harassment and/or retaliation by Defendant Troy Moore, Mr. Christopher West, or Warden Rick Toney. The list will also include the names and addresses of each complainant, the nature of any investigation resulting from each complaint, the outcome of each investigation, and any action taken as a result of each investigation.

d. With regard to the ADC Diagnostic Unit, Defendants will provide a list containing the names of each individual, from January 1, 2003 to the present, who complained of sexual harassment or retaliation for sexual harassment, the decision in each case, and the discipline, if any, that resulted from each decision. With regard to the ADC as an entity, Defendants will provide a list of individuals, from January 1, 2003 to the present, who were found to have committed sexual harassment (or retaliation for sexual harassment), the name of each complainant involved, and the discipline imposed pursuant to each finding.

IT IS THEREFORE ORDERED that in the manner set forth in paragraph three (3) above, Defendants will provide to Plaintiff's counsel, or permit Plaintiff's counsel to inspect (upon adequate and reasonable notice), the information contained in paragraph three (3).

IT IS FURTHER ORDERED that any material subject to this Court's order, as well as any documents photocopied or recorded (and any information gained from such material), may be used only in connection with preparing and presenting the parties' case to this Court. The material will not be transferred or communicated to any person not a party to this litigation other than for proper purposes directly related to preparation of a trial of this action.

IT IS FURTHER ORDERED that any in the event that records subject to this order are subsequently used by any party to this proceeding in deposition(s), pleading(s), motion(s), or at trial of this matter, the parties shall agree to the terms and conditions of such use by written stipulation. Alternatively, if no agreement can be reached, the parties will seek intervention by this Court.

IT IS FURTHER ORDERED that at the conclusion of this litigation, neither the Plaintiff nor anyone acting for or on the Plaintiff's behalf shall in any manner, directly or indirectly, retain copies of records provided by Defendants pursuant to paragraph three (3) above, and the Plaintiff shall return the documents, and all copies, to Defendants' counsel.

IT IS SO ORDERED this 29th day of April, 2008.

_____
United States District Court Judge