**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**BARBARA FRAZIER**                                        **PLAINTIFF**

**v.**                    **CASE NO. 5:07-CV-00184 BSM**

**ARKANSAS DEPARTMENT OF**
**CORRECTION; T.A. MOORE, individually**
**and in his official capacity as an officer of the**
**Arkansas Department of Correction; and**
**CHRISTOPHER WEST, in his official**
**capacity as an officer of the Arkansas**
**Department of Correction**                               **DEFENDANTS**

## ORDER

Before the court is plaintiff's motion to clarify. Plaintiff requests clarification as to whether the order dated September 22, 2008, (Doc. No. 32) should be read to direct the clerk to file the proposed first amended complaint, but striking from that complaint issues and claims not permitted by the court, or if plaintiff should draft and file a new amended complaint which complies with the limitations set by the court. If the latter, plaintiff requests guidance as to which specific claims in the proposed first amended complaint are to be stricken or allowed.

Pursuant to Local Rule 5.5(e), plaintiff should have filed her amended complaint, taking into consideration the court's ruling on the motion to amend, within five days of the entry of the order granting leave to amend. However, plaintiff failed to do so, and the court subsequently dismissed several of plaintiff's claims. At this point, the court directs plaintiff to draft and file a new amended complaint including only the listed remaining claims and any

other claims specifically allowed by this order as set forth below.  Plaintiff shall file her amended complaint on or before December 12, 2008.  Additionally, the court will extend the motions deadline to December 30, 2008.

As to plaintiff's request for clarification, the court is of the opinion that the order on the motion for summary judgment (Doc. No. 38) adequately sets forth the dismissed and remaining claims.  However, to avoid any further confusion, the court will explicitly set forth the dismissed and remaining claims.

Summary judgment was granted as to the following:

(1) All of plaintiff's claims against Defendant West in his individual capacity;

(2) Plaintiff's § 1981, § 1983,[1] and parallel ACRA claims for monetary damages against defendants Moore and West, in their official capacities, and defendant ADC;

(3) Plaintiff's § 1983 and parallel ACRA disparate treatment gender discrimination claims;

(4) Plaintiff's disparate treatment race discrimination claim based upon the following: (a) her assignment to the security tower, and (b) the metal detector allegations;

(5) Plaintiff's claim of disparate treatment gender discrimination;

(6) Plaintiff's § 1983 and parallel ACRA retaliation claims with regard to the following: (a) her assignment to the security tower; (b) the denial of her

---

[1]  The court's rulings with regard to Plaintiff's § 1983 claims apply to her § 1981 claims because "[a] federal action to enforce rights under § 1981 against a state actor may only be brought pursuant to § 1983." *Artis v. Francis Howell Band Booster Ass'n*, 161 F.3d 1178, 1181 (8th Cir. 1998).

request for catastrophic leave; (c) the April 16, 2008, incident involving Lt. Gregg Moore; and (d) the July 25, 2007, incidents involving Lt. Straughn;

(7) Plaintiff's equal protection claim;

(8) Plaintiff's procedural due process claims to the extent she relies on a property interest in her job or harm to her reputation as the liberty interest violated;

(9) Plaintiff's claim under the Administrative Procedures Act;

(10) Plaintiff's breach of contract claim;

(11) Plaintiff's battery claim; and

(12) Plaintiff's claim of outrage arising from the her allegations that (a) West allegedly spread a rumor about her, specifically stating that she had "good p—y."; (b) that Toney did not take her allegations of sexual harassment seriously; and (c) that following an Internal Affairs investigation of her allegations, an Internal Affairs investigator that plaintiff believed to be named Artie Moore told her that she "was telling a god---- lie."

The court also ruled that defendant Moore was not entitled to qualified or statutory immunity in his individual capacity.

Plaintiff's remaining claims are as follows:

(1) Plaintiff's claims for injunctive relief under § 1983 and parallel ACRA provisions against defendants Moore and West, in their official capacities, and defendant ADC;

(2) Plaintiff's § 1983 quid pro quo sexual harassment and parallel ACRA claims;

(3) Plaintiff's § 1983 and parallel ACRA hostile work environment sexual harassment claims;

3

(4) Plaintiff's disparate treatment race discrimination claim based upon the following: (a) her suspension and termination, and (b) the treatment of the claims of Stout and Aldridge in comparison to the treatment of her claim;

(5) Plaintiff's § 1983 and parallel ACRA retaliation claims with regard to her suspension and termination;

(6) Plaintiff's substantive due process claim;

(7) Plaintiff's procedural due process claim to the extent that she contends that defendants violated her procedural due process rights by failing to adequately investigate her sexual harassment complaint; and

(8) Plaintiff's claim of outrage arising from the alleged incidents with Troy Moore.

The court did not address plaintiff's Title VII allegations.

Plaintiff also states that since the filing of her original complaint, additional acts of retaliation have occurred, which necessitate the addition of claims of invasion of privacy and HIPPA violations, unlawful suspension without pay, discriminatory discharge, and state law claims of wrongful discharge and breach of contract. She also states that to fully and properly prosecute these claims, she needs to add Warden Rick Toney as a defendant.

In response, defendants assert that plaintiff should have been aware of the existence of all claims, except the unlawful discharge claim, prior to the motions deadline of June 25, 2008, at the latest. Defendants further assert that plaintiff should only be allowed to include in her amended complaint those claims that survived summary judgment, as well as the claim allowed by the court's order dated September 22, 2008, (Doc. No. 32).

The court finds that plaintiff's amended complaint may include allegations of unlawful suspension without pay and discharge, including a state law claim for wrongful discharge.  In her motion to amend, however, plaintiff did not clearly set forth her intention to pursue separate causes of action for defamation, invasion of privacy and HIPPA violations.  Furthermore, plaintiff did not set forth specific allegations or dates supporting these claims in her motion to amend or proposed amended complaint.

It appears that plaintiff's claims of invasion of privacy, of violation of HIPPA and of defamation arose after the filing of the original complaint; however, the court will permit the addition of these claims.

The court declines to reconsider its previous decision that Warden Rick Toney may not be added as a defendant.  The court has already ruled on plaintiff's breach of contract claim, and plaintiff has failed to set forth any reason why the court should allow the addition of such a claim.

Accordingly, plaintiff's motion to clarify (Docket No. 40) is granted as stated herein. Plaintiff shall file her amended complaint on or before December 12, 2008, including only those claims set forth above.  The motions deadline is extended to December 30, 2008.

IT IS SO ORDERED this 5th day of December, 2008.


_____
UNITED STATES DISTRICT JUDGE