UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**BARBARA FRAZIER**                                                                                    **PLAINTIFF**

v.                                        **CASE NO. 5:07-CV-00184 BSM**

**ARKANSAS DEPARTMENT OF
CORRECTION; T.A. MOORE, individually
and in his official capacity as an officer of the
Arkansas Department of Correction; and
CHRISTOPHER WEST, in his official
capacity as an officer of the Arkansas
Department of Correction**                                                                    **DEFENDANTS**

## ORDER

Before the court is defendants' motion to quash. On December 17, 2008, plaintiff served deposition notices and subpoenas for Warden Rick Toney, Cindy Courington, and Dr. Shamim Malik to be deposed on December 30, 2008. The discovery deadline in this case was May 27, 2008, but the court subsequently allowed limited discovery on specified issues until December 1, 2008. *See* Doc. No. 39. In an order dated December 5, 2008, the court extended the motions deadline to December 30, 2008. Therein, the court again explicitly set forth plaintiff's remaining claims and allowed plaintiff to include claims of invasion of privacy, HIPPA violations, and defamation in her amended complaint because those claims arose after the filing of the original complaint. Plaintiff filed her amended complaint on December 10, 2008. The trial of this case is set for the week of May 4, 2009.

In their motion, defendants request that the court quash the subpoenas to depose Rick Toney, Cindy Courington, and Dr. Shamim Malik. Defendants note that plaintiff failed to

request an extension of the discovery deadline prior to its expiration and failed to seek clarification regarding the amended complaint until December 4, 2008. Although defendants do not object to updating the required disclosures in light of the amended complaint, they assert that no new discovery deadline should be set.

In response, plaintiff asserts that the court should allow discovery on the new claims allowed by the court's order dated December 5, 2008. Plaintiff requests that the court reset the discovery deadline to 90-120 days before trial and extend the motions deadline accordingly.

Only recently did it became clear to the court that plaintiff intended to pursue claims for defamation, invasion of privacy, and HIPPA violations, as stated in the order dated December 5, 2008. Although plaintiff should have timely filed her amended complaint, requested "clarification" in a more timely manner, and requested an extension of the discovery deadline immediately upon learning of the allowance of the claims, the court will extend the discovery deadline for the purpose of conducting discovery as to the newly allowed claims. Defendants' motion is denied, but because the depositions are scheduled for today, the parties should reschedule. The court will not be so lenient in the future to such requests by plaintiff.

Additionally, the court clarifies for the record that summary judgment as to the claims against defendant West in his individual capacity are dismissed without prejudice. Although the court clearly stated that said claims were dismissed "without prejudice" in the body of

the order on the motion for summary judgment, the court inadvertently stated that the claims were dismissed "with prejudice" in the conclusion section of the order. *See* Doc. No. 38.

Accordingly, defendants' motion to quash (Doc. No. 45) is denied. The discovery deadline is extended to January 30, 2009, and the motions deadline is extended to February 20, 2009.

IT IS SO ORDERED this 30th day of December, 2008.

                                                   _____
                                                   UNITED STATES DISTRICT JUDGE