# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

**BARBARA FRAZIER**                                                                    **PLAINTIFF**

**v.**                              **CASE NO. 5:07-CV-00184 BSM**

**T.A. MOORE, in his individual capacity**                               **DEFENDANT**

## ORDER

Before the court is plaintiff Barbara Frazier's motion for certification of no just reason for delay pursuant to Federal Rule of Civil Procedure 54(b). Defendant has no objection to the motion.

"Generally partial summary judgments are not final and not immediately appealable." *Porter v. Williams*, 436 F.3d 917, 919 (8th Cir. 2006). Under Federal Rule of Civil Procedure 54(b), however, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "Rule 54(b) was originally adopted in view of the wide scope and possible content of the newly created 'civil action' in order to avoid the possible injustice of a delay in judgment of a distinctly separate claim to await adjudication of the entire case." Fed. R. Civ. P. 54 advisory committee's note (1946 Amendment). "A Rule 54(b) determination should not be made routinely; it is only the 'special case' that warrants an immediate appeal from a partial resolution of the lawsuit." *Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993).

"[I]n deciding whether there are no just reasons to delay the appeal . . . a district court must take into account judicial administrative interests as well as the equities involved" to prevent piecemeal appeals." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). The court may consider factors, such as "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* While the presence of one of these factors does not necessarily mean that Rule 54(b) certification would be improper, the district court would be required to find a sufficiently important reason for nonetheless granting certification. *Id.* at 8 n.2.

The court notes that the second order dismissing several claims, as well as defendants Arkansas Department of Correction and Christopher West, was entered on March 30, 2009, and that plaintiff did not file this motion until April 29, 2009, less than a week before trial. As the case will be tried within a week, the court finds that only a very minimal delay would result from having a trial on the remaining claims against the remaining defendant. The court further finds that certifying the case pursuant to Rule 54(b) would result in piecemeal appeals. Therefore, the motion should be denied.

Accordingly, plaintiff Barbara Frazier's motion for certification of no just reason for delay pursuant to Federal Rule of Civil Procedure 54(b) (Doc. No. 75) is denied. This case will proceed to trial.

IT IS SO ORDERED this 29th day of April, 2009.

_____
UNITED STATES DISTRICT JUDGE